THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _____
(Rule Number/Section)

FILED ___ LODGED
RECEIVED ___ COPY

JUN 24 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

Glenn Liou
(P)

vs.

CyraCom
International,
Inc. (D).

CV-15-1167-PHX-BSB

Case No. _____
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL            NO

## COMPLAINT

PARTIES

1. List your name, address and telephone number.

    a. Plaintiff

        Name                Glenn Liou

        Street Address   101 N Colorado Street #1741

        City & County    Chandler Maricopa

        State & Zip Code   AZ 85244

        Telephone Number   480 430 5029

2. Defendant(s)

    Name  CyraCom International, Inc.

JURISDICTION

3. What is the basis for federal court jurisdiction?

    Federal Question

4. Which Federal Constitutional, statutory or treaty right is at issue?

5. **Age Discrimination in Employment Act of 1967 (ADEA) and Civil Rights Act of 1991**

6. What is the basis for venue in the District of Arizona?

    ```
    Plaintiff resides and actions occurred in Maricopa County.
    ```

STATEMENT OF THE CLAIM

On August 13th 2012, Plaintiff was hired by CyraCom as an over the phone Chinese language interpreter. Plaintiff's team consisted of Chinese and Cantonese language interpreters. A majority of Chinese and Cantonese interpreters were over 40 years old. When Plaintiff was hired, Ms. Sue Deng was the team supervisor. Before Sue, a Hispanic interpreter was promoted to supervise Chinese and Cantonese language interpreters. At CyraCom interpreters were promoted to become a supervisor after a hiring process. Manager Mr. Eduardo Alvarez made the decision to hire or fire a supervisor. Eduardo was charged with the day to day operation of Phoenix call center. Sue was under 30 years old with no prior supervisory experience. A majority of applicants or interpreters applying for the Chinese and Cantonese Interpreter Supervisor were over 40 years old because a majority of Chinese and Cantonese interpreters were over 40 years old. At each hiring process there were highly qualified and senior Chinese or Cantonese interpreters (applicants) with a trove of supervisory and management experiences. For example, when Sue was applying for the supervisor position, Mr. William Lau was also a contender. William, about 60 years old, was a model employee of CyraCom. William was a reliable and stellar employee with too many praises from clients to mention. It's rare to receive an appraise from clients such as insurance companies, hospitals, credit card companies. It's rarer to receive appraises in a row. William comes to the top in terms of the number of client appraises received. After Sue, Mr. Brian Ko was promoted to be the supervisor. When Brian was applying for the supervisor position, Plaintiff wasalso a

contender and Ms. Jennifer Dai was also a contender. Jennifer, more than 40 years old, was an outstanding employee with years of management and supervisory experiences. Brian was under 30 years old. Brian did not have any supervisory experience prior to joining CyraCom. Brian was attending Arizona State University law school. Team members had difficulty getting help with performance issues, job evaluation, work protocols, and vacation requests because Brian was at ASU law school. For the record Plaintiff graduated from Purdue University with Ph.D. Plaintiff had a spotless employment record. Plaintiff had a solid record of management and supervisory experiences. After Brian, Ms. Lily Situ was promoted to become the supervisor. Lily was under 30 years old. When Lily was applying for the supervisor position, Plaintiff was also a contender and Jennifer was also a contender and Ms. Beibei Wong was also a contender. Beibei, more than 40 years old, was a reliable employee with years of management and supervisory experiences. Plaintiff complained to CEO Mr. Jeremy Woan and VP Mr. Best Ihreborow about a deceitful hiring practice via email. Plaintiff alleged that Brian spent hours coaching Lily before the hiring process began. At CyraCom an interpreter's move was tracked by a software system. When an interpreter was on the phone, idle, on a break, in a meeting, over a lunch, the system kept track of them all. On June 27th 2014 at 3:00 PM Human Resources Director Ms. Penny Porter invited Plaintiff to her office in regards to the recent hiring of Lily and Plaintiff's complaint to the management. During the meeting with Penny Plaintiff questioned why Plaintiff was not promoted and Plaintiff questioned Penny if age was a hiring factor. After Penny Eduardo invited Plaintiff to his office. When Plaintiff entered Eduardo's office, Penny was there as well. At around 10:00 PM of June 27th Supervisor Mr. Julio Noriega came to Plaintiff. Julio was Plaintiff's supervisor at the time and Plaintiff worked in the evening shift. Julio told Plaintiff that Manager Eduardo wanted to see Julio next Monday on June 30th. Julio asked Plaintiff why Eduardo wanted to see him. Julio asked Plaintiff what happened at the meeting with Penny and Eduardo. On June 30th Plaintiff at home received a phone call from Eduardo. Eduardo first told Plaintiff that Penny and Julio were with him. Next Eduardo notified Plaintiff that Plaintiff's employment with CyraCom was terminated and it was made official with CEO Jeremy's signature. Looking at Eduardo's hiring pattern it's easy to see that Eduardo favored younger interpreters for Chinese/Cantonese supervisors even though younger supervisors did not remotely represent the work force they supervised. Same thing could be said of Eduardo's hiring pattern in a larger picture. At Phoenix call center about 50

percent were Hispanic language interpreters and 50 percent were non-Hispanic language interpreters. Plaintiff could count the number of non-Hispanic supervisors in a single hand. It's easy to see that Eduardo favored Hispanic interpreters for supervisors even though Hispanic supervisors plus a couple of non-Hispanic supervisors did not remotely represent the overall work force they supervised. Not only Plaintiff was subjected to age discrimination, but all the senior applicants vying for the Chinese/Cantonese supervisor position were subjected to age discrimination deterministically. It's Plaintiff's age discrimination complaint and deceitful hiring complaint that resulted in Plaintiff's prompt dismissal from CyraCom and nothing else. If this does not qualify as a textbook example of a retaliation claim, what else would this qualify as?

REQUEST FOR RELIEF

Plaintiff is seeking an equitable remedy and compensation from Defendant.

Date:                                June 22nd, 2015

Signature of Plaintiff   *Glenn Lion*

Mailing Address 101 N Colorado Street #1741, Chandler, AZ 85244

Telephone Number 480 430 5029